**Dated: June 23, 2016**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:                                    CASE NO.  16-80013– TRC
ABREHUM N. HESTER                         CHAPTER 13

                    Debtor.

### ORDER OF DISMISSAL

The issue before this Court is whether Debtor's case should be dismissed or whether the Court should grant Debtor another continuance and defer the decision until Debtor decides whether he wants to remain in bankruptcy.  After considering the evidence, pleadings, record of the case, and applicable law, for the reasons stated herein, the Court finds that Debtor's Motion to Continue should be denied, and the case should be dismissed.

### Jurisdiction

This Court has jurisdiction of this core matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A).

**Findings of Fact**

Debtor filed his chapter 13 case pro se on January 11, 2016. He did not file all required documents nor did he file a Chapter 13 plan and summary as required. The Court Clerk instructed him to do so by January 25, 2016. When he failed to meet this deadline, the Court set a hearing for February 11, 2016, to show cause why the case should not be dismissed for failure to file the Plan, Summary of Plan, and Statement of Financial Affairs. In the meantime, the Standing Chapter 13 Trustee filed his Motion to Dismiss (Doc.16) on January 18, 2016, pursuant to 11 U.S.C. § 1307(c) for failure to file a plan, lack of income with which to make plan payments, and failure to cooperate with Trustee's office. The motion was also set for hearing on February 11, 2016. On the morning of February 11th, Debtor sent the Court a Motion for Continuance of the hearing due to car failure, attaching a letter purporting to be from General Motors notifying him of a potential problem with his 2008 Hummer H3. Debtor also sent an Objection to dismissal, in which he explained in a notarized statement that he was in the hospital with his sick mother. He indicated he was in communication with the Trustee, that he would use tax refunds to make plan payments, and that he was looking for a job. Debtor also requested that the Court assign a different trustee to his case. The Court held the Show Cause hearing on February 11, 2016 and determined that the hearing should be continued to March 10, 2016. It also set Trustee's Motion to Dismiss for evidentiary hearing on March 10, 2016, and ordered Debtor to attend.

On March 10, 2016, Debtor appeared in court on the Show Cause hearing and on Trustee's Motion to Dismiss. Debtor also filed his Statement of Financial Affairs and Chapter 13 plan that day, but he did not file the Summary of Plan that identifies the plan payees, payment amounts and terms. In his SFA, Debtor reported no income from employment or a business during the current year nor the two previous calendar years. The only income he reported was from a retirement plan

in 2014, which was used to pay his mortgage and child support for that calendar year. The Court ordered Debtor to file the Plan Summary by April 9, 2016, with a confirmation hearing to be set upon receipt of the Summary. The Court continued the evidentiary hearing on Trustee's Motion to Dismiss to May 12, 2016. Debtor's 341 meeting was also held March 10, 2016, but was continued to April 7, 2016. The 341 meeting was continued again to May 12, 2016.

The Trustee filed a Supplement to his first Motion to Dismiss (Doc. 61) in which he reported that Debtor failed to file the Summary of Plan as ordered by April 9, 2016, despite the fact that Trustee's office assisted Debtor in preparing it. Trustee also reported that Debtor had made no payments since his case was filed. The Trustee filed a Supplemental Motion to Dismiss (Doc. 66) on May 5, 2016, affirming the information previously provided to the Court and reporting that Debtor had not provided his 2015 tax returns as required.

At 8:16 a.m. on May 12, 2016, the date of the continued evidentiary hearing on dismissal, Debtor faxed the Court Clerk's office a Motion for Continuance (Doc. 69). Debtor stated that he could not attend the hearing that day due to medical reasons. He said that severe weather had disrupted his telephone and internet access, preventing him from contacting the Trustee and preparing his Plan. He also stated that his identity had been stolen, that his property had been sold at a sheriff's sale, that he would be able to seek employment within 60 days, and that he had no excuse for why paper work had not been filed or sent to the Trustee. He attached several exhibits in support of the information in his motion, including a "Work Release Form" from the Stat Health Clinic in Idabel, Oklahoma, dated 05/12/2016. The form included a hand-written notation "can not drive or operate machiery (*sic*)". It contained the typed name of an employee of the clinic. Debtor did not appear at the scheduled evidentiary hearing that day. The Court granted his Motion for Continuance to afford him one more opportunity to cure the deficiencies and proceed in chapter

13.   The evidentiary hearing on the dismissal motions was continued to June 16, 2016.   Debtor was given notice of this hearing by mail from the Court Clerk's Office (Doc. 71) and through the Bankruptcy Noticing Center (Doc. 74).   The Trustee filed a Supplemental Motion to Dismiss (Doc. 73), which included the results of his office's investigation regarding information Debtor submitted to the Court in his Motion to Continue.   The Trustee believed that Debtor had forged the Work Release Form from Stat Health Clinic.

After office hours on June 15, 2016, at approximately 6:45 p.m., Debtor faxed another Motion to Continue the evidentiary dismissal hearing to the Court Clerk's Office (Doc. 76).   The Motion contained the same language as the May Motion to Continue, with some additions.   Debtor requested 30 more days so that he could contact his mortgage company.   He denied submitting a false document to the Court and insisted that he was unable to drive due to medications he was taking.   He attached a list of prescription medications and receipts from his pharmacy, two Work Release Forms from Stat Health Clinic, and a note from a Texas orthopedic clinic.   The Work Release Forms indicated Debtor had been seen at the clinic on May 20, 2016 and June 7, 2016. Both Forms indicated in typed notations that Debtor could work and had no restrictions on work activity.

The next morning, June 16, 2016, the Court took Debtor's Motion to Continue under advisement, but held the evidentiary hearing on dismissal as previously scheduled.   Lonnie Eck appeared on behalf of Standing Chapter 13 Trustee.   Debtor did not appear.   The Court admitted evidence and heard the testimony of Jacob Parker, Trustee's Law Clerk.   Mr. Parker testified in support of dismissal, stating that although Debtor was required to begin making plan payments within 30 days of filing his case, Debtor had made no payments, nor had he provided requested tax returns for 2013, 2014 or 2015.   Parker testified that the Trustee's Office had offered extensive

assistance to Debtor, including preparing a Summary of Plan for Debtor to sign and return to the Trustee for filing. However, Debtor had not returned the Summary. The Trustee did not consent to letting the case proceed without the Summary or payments. Parker also testified regarding his investigation of the information Debtor provided the Court in seeking a continuance of the May 12, 2016, evidentiary hearing. Parker and the Trustee believed that Debtor had shown bad faith in filing the case and had intentionally tried to mislead the Court by providing false information in support of his requests to continue. Trustee requested that Debtor's case be dismissed for cause and he be prohibited from filing another case for 180 days.

**<u>Conclusions of Law</u>**

The Trustee seeks dismissal for a number of reasons including failure to make plan payments, failure to file a Summary of Plan which is part of the Local Plan Form required by this Court, lack of regular income, and failure to provide proof of filed tax returns. A court may dismiss a case for failure to timely file a plan pursuant to 11 U.S.C. § 1307(c)(3), failure to commence making timely payments within 30 days of filing the plan or entry of the order for relief pursuant to § 1307(c)(4), or unreasonable delay by the debtor that is prejudicial to creditors pursuant to § 1307(c)(1). Dismissal is also warranted for failure to provide a copy of a debtor's tax return for the most recent tax year pursuant to § 521(e)(2)(B) and § 1307(e). Additionally, to proceed under chapter 13, a debtor must be an individual with regular income. *See* § 109(e).

Fed. R. Bankr. P. 3015 and Local Rule 3015-1 require that a chapter 13 plan should be filed with the petition or within fourteen (14) days thereafter. This Court has adopted Local Form 3015 -1(B) and a Summary of Plan form, both of which are available from the Court Clerk's office and the Court's website. Also clearly noted on the website is the 14 day deadline for filing a chapter 13 plan and summary. Debtor did file part of the plan form; however, it was insufficient

to meet the requirements of § 1322. Debtor only filed a plan that included definitions of terms, and standard procedures governing each case. He failed to file the Summary of Plan, which includes the information specific to his case regarding the plan payment amounts by class of creditors, plan length, descriptions of collateral, interest rates, percentage of distribution to unsecured creditors, direct payment and distribution information. The evidence before the Court is that Trustee assisted the pro se Debtor by preparing the Summary of Plan. All Debtor had to do was sign and return it to the Trustee or Court Clerk's Office for filing. Debtor also failed to make any plan payments as required. His SFA indicates he has no regular income with which to fund a chapter 13 plan. And, he failed to provide copies of requested tax returns or proof that he filed a return for 2015.[1]

The Court is sympathetic regarding health issues faced by this debtor, but based upon the information he submitted to the Court, he has no restrictions preventing him from working. If he is able to work, it would seem that he could appear before the Court and comply with the requirements for proceeding through the bankruptcy process. This Court encounters many debtors in poor health with many medical challenges, yet they manage to meet their duties as debtors. This Court and the Chapter 13 Trustee have afforded Debtor multiple opportunities over a five month period to successfully proceed through the chapter 13 bankruptcy process and receive the benefits afforded by the Bankruptcy Code. Unfortunately, he has failed to understand that to receive the benefits of bankruptcy, he has certain duties that he must fulfill.[2] Debtor was able to prepare and fax two objections and three motions to continue. Yet, he refused or was unwilling to secure the filing of the Summary of Plan which was prepared for him by the Trustee. The Court has no choice

---

[1] *See* Doc. 67, Objection to Confirmation filed by Oklahoma Tax Commission, citing Debtor's failure to file a tax return for 2014 or 2015.

[2] *See e.g.,* 11 U.S.C. §§ 521, 1304, 1321, 1326; Fed. R. Bankr. P. 1007, 1007-I., and 3015.

but to dismiss his case. The Court declines to implement a bar to refiling in this Order. Should Debtor attempt to refile within 180 days of dismissal, the Court will address his eligibility to be a debtor pursuant to § 109(g) at that time.

## Order of the Court

IT IS THEREFORE ORDERED that the Debtor's Motion to Continue (Doc. 76) is **denied.**

IT IS FURTHER ORDERED that the Standing Chapter 13 Trustee's Motion to Dismiss (Doc. 16), Supplement to Motion to Dismiss (Doc. 61), Supplemental Motion to Dismiss (Doc. 66) and Supplemental Motion to Dismiss (Doc. 73) are **granted**.

IT IS FURTHER ORDERED that this case is **dismissed pursuant to 11 U.S.C. § 1307(c).**

IT IS FURTHER ORDERED that the Chapter 13 Trustee shall file a Chapter 13 Final Report and Account for a Dismissed Case in accordance with the U.S. Trustee's procedures.


Movant to notify interested parties of this Order.

###